UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ADAM HANDLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-CV-1451-SEB-VSS |
| | ) | |
| DAVID PARKER and DEPAUW | ) | |
| UNIVERSITY, | ) | |
| Defendants. | ) | |

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

Adam Handler ("Plaintiff") filed a two-count Complaint on September 29, 2005,

alleging, first, that David Parker and DePauw University ("Defendants") deprived him of

his rights, privileges and immunities secured by the Constitution and the laws of the

United States in violation of 42 U.S.C. § 1983 and, second, that the Defendants violated

contractual rights created by DePauw University's academic handbook.  Defendants filed

their answer to the Complaint on November 21, 2005, and the parties jointly submitted

their case management plan ("CMP") on January 5, 2006.

In our February 10, 2006, order, we granted Plaintiff's Motion to Dismiss Count I

of the Complaint, the only claim over which we had original jurisdiction, noting that

"[w]hether the Court retains jurisdiction to resolve Count II pursuant to this Court's

supplemental jurisdiction will be decided by the Court."  After reviewing the Complaint

and subsequent filings, we decline, pursuant to 28 U.S.C. § 1367(c)(3), to exercise

supplemental jurisdiction over Count II, the state law breach of contract claim.  Section

1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction. . . ."

> In Plaintiff's Motion to Dismiss Count I Plaintiff's counsel stated:
>
> Plaintiff's willingness to dismiss that count is contingent on this Court's retaining jurisdiction to hear and resolve Count II of his compliant pursuant to this Court's supplemental jurisdiction.  Plaintiff's counsel has conferred with Defendants' counsel and hereby reports to the Court that Defendants have no objection to this motion.

By their agreement, Plaintiff and Defendants appear to have stipulated to the retention and disposition of the state law contract claim by our court.  However, the Court must make an independent judgment as whether to retain supplemental jurisdiction.  While the rules permit the Court to retain a claim brought pursuant to its supplemental jurisdiction, we find nothing here that warrants that action, i.e., neither the docket nor the case management plan discloses any substantive development of this litigation to date, either in terms of discovery or motions practice; suggesting little or no prejudice to the parties in transferring their dispute to state court for a resolution on the merits; in addition, this state law contract claim does not present complex legal issues deserving of the federal court's limited resources.

> For these reasons, Count II is dismissed without prejudice, permitting its refiling in state court if the Plaintiff chooses to do so.  IT IS SO ORDERED.

Date: _____02/15/2006_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

2

Copies to:

Cory Stephen Brundage
cb@brundagelaw.com

Phillip J. Fowler
BINGHAM MCHALE LLP
pfowler@binghammchale.com

Joel F. Handler
jhandler@cogan-mcnabola.com

Jonna L. McGinley
BINGHAM MCHALE
jmcginley@binghammchale.com

Brian W. Welch
BINGHAM MCHALE
bwelch@binghammchale.com